**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ELYSE FRANCO | : | |
| | : | |
| *Plaintiff,* | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | |
| B. BRAUN MEDICAL, INC., B. BRAUN | : | NO. |
| OF AMERICA INC; B. BRAUN CEGAT, | : | |
| LLC; B. BRAUN INTERVENTIONAL | : | |
| SYSTEMS INC.; JOHN DOE | : | |
| | : | |
| *Defendants.* | : | |

**NOTICE OF REMOVAL**

Under 28 U.S.C. §1441 and §1442, the United States of America, on behalf of the

Environmental Protection Agency ("EPA"), files this notice of removal of this action to the

United States District Court for the Eastern District of Pennsylvania. In support, the United

States avers:

1.      The above referenced action was filed in the Philadelphia Court of Common Pleas

on July 27, 2023. *Franco v. B. Braun, Inc. et al.* Phila. C.C.P., No. 230702787. Neither the

United States of America, nor the EPA, was a named party in that action.

**I.      The EPA has complied with the applicable regulations governing its response to
Plaintiff's request for documents.**

2.      On October 22, 2025, counsel for the Plaintiff sent a letter addressed to the

"Environmental Protection Agency" attaching a "Subpoena to Produce Documents and Things

for Discovery" pursuant to Pennsylvania Rule of Civil Procedure 4009.22. This letter further

demanded that the EPA complete and submit a Certificate of Compliance, pursuant to Pa. R. Civ.

P. 4009.23 and 4009.27. A copy of this letter is attached hereto as Exhibit A.

3.      On October 28, 2025, the EPA responded notifying Plaintiff's counsel that EPA has promulgated rules for how it will respond to subpoenas for testimony and documents where it is not a party to an underlying litigation. *See* 40 C.F.R. §§ 2.401-2.406. These regulations, and not the Pennsylvania Rules of Civil Procedure, govern the EPA's response to Plaintiff's request for documents. *See Touhy v. Ragen*, 340 U.S. 462 (1951); *Gillette v. Warden Golden Grove Adult Corr. Facility*, 109 F.4th 145, 155 (3d Cir. 2024).

4.      Pursuant to the EPA's regulations, where a subpoena is essentially a written request for documents, as was the case with Plaintiff's October 22, 2025 subpoena, EPA employees are authorized to respond to the subpoena as a request for documents made pursuant to the Freedom of Information Act ("FOIA"). 40 C.F.R. § 2.405. Consequently, EPA responded to this subpoena, consistent with the procedure set out in its FOIA regulations. *See* 5 U.S.C. § 552. This was communicated to Plaintiff's counsel on October 28, 2025.

5.      On November 18, 2025, EPA notified Plaintiff's counsel that 6,100 pages of documents responsive to the October 22, 2025 subpoena were publicly available on a FOIA web site that the EPA maintains. On January 7, 2026, the EPA notified Plaintiff's counsel that eleven additional documents responsive to the October 22, 2025 subpoena were available on the EPA's FOIA web site.

6.      In addition to the publicly available documents, the EPA has temporarily withheld 27 other documents responsive to the October 22, 2025 subpoena in their entirety, pending determination by the EPA as to whether these documents contain confidential business information (CBI) or are otherwise responsive. The EPA is finalizing its review and will be sending a determination letter as expeditiously as possible. Under EPA's FOIA rules, after the agency issues the determination for any CBI claims related to requested documents, the facility

that asserted the CBI claims for its documents has 10 business days to appeal the determination to federal court. EPA is not permitted under its regulations to release any such documents, prior to the expiration of the 10-day period. 40 C.F.R. § 2.205(f)(2).

7.     The EPA has complied with its obligations to respond to plaintiff's October 22, 2025 request for documents, pursuant to 40 C.F.R. §§ 2.100 – 2.109; § 2.405.

## II.     Plaintiff's motion to compel EPA's compliance with the October 22, 2025 is removable to federal court.

8.     On April 14, 2026, Plaintiff filed a motion to compel EPA to comply with Plaintiff's subpoena in the Philadelphia Court of Common Pleas and requiring EPA produce a Certificate of Compliance with the October 22, 2025 subpoena, pursuant to Pa. R. Civ. Pr. 4009.23, 4009.27.

9.     On April 24, 2026, the EPA submitted a letter to Plaintiff's counsel, reiterating that the EPA had responded pursuant to its regulations. EPA identified the general categories of documents produced, as well as the number of documents withheld for ongoing review. EPA represented that, aside from these documents, it was not aware of any other documents in EPA's possession, responsive to Plaintiff's subpoena. A copy of this letter is attached hereto as Exhibit B.

10.     On April 29, 2026, the Plaintiff voluntarily withdrew its motion to compel. Plaintiff's counsel demanded by email that the EPA produce any and all outstanding documents, subject to the Plaintiff's subpoena, by May 4, 2026. On April 30, 2026, undersigned counsel responded by email, notifying Plaintiff's counsel that EPA was reviewing the remaining documents, but pursuant to its obligations with regard to treatment of potential CBI under FOIA, would not be able to produce the documents by May 4.

11. On May 3, 2026, Plaintiff filed a second motion to compel the EPA to produce all documents responsive to her October 22, 2025 subpoena "within three (3) days" of the state court entering its order. A copy of this motion to compel is attached hereto as Exhibit C. A praecipe to substitute order, adding a requirement for the EPA to also produce a Certificate of Compliance under Pennsylvania Rules of Civil Procedure 4009.23 and 4009.27 was filed on May 4, 2026. A copy of this praecipe is attached hereto as Exhibit D.

12. The Plaintiff's motion to compel the EPA to comply with a state court subpoena, directing the EPA to produce documents in its possession within 3 days, and serve a certificate of compliance, constitutes a civil action against the United States of America. *See Boron Oil Company*, 873 F.2d 67, 69-70 (4th Cir. 1989) ("It is well established that an action seeking specific relief against a federal official, acting within the scope of his delegated authority, is an action against the United States, subject to governmental privilege of immunity."); *Cartwright v. Walsh*, No. MC 3:18-0014, 2018 WL 461236, at *2 (M.D. Pa. Jan. 18, 2018).

13. This civil action brought in order to compel action by the Environmental Protection Agency is removable pursuant to 24 U.S.C. §§ 1441, 1442(a)

14. A certified copy of this Notice of Removal will be filed in the Office of Judicial Support for the Court of Common Pleas Philadelphia County, First Judicial District of Pennsylvania, Civil Trial Division, and sent to all parties.

15. Pursuant to Federal Rule of Civil Procedure 81(c)(2), the government will provide its response in opposition to the Plaintiff's motion to compel on or before May 26, 2026.

WHEREFORE, the United States respectfully submits this notice of removal of this action.

Respectfully submitted,

DAVID METCALF

4

United States Attorney

*/s/ Gregory B. David by D.A.D.*
GREGORY B. DAVID
Assistant United States Attorney
Chief, Civil Division

Dated: May 18, 2026

*/s/ John W. Scott*
JOHN W. SCOTT
Assistant United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
(215) 861-8359
john.scott@usdoj.gov

5

## CERTIFICATE OF SERVICE

I certify that on this date, I filed the foregoing Notice of Removal with the Court and served a copy by email on the following:

THOMAS E. BOSWORTH
AMMAR S. WASFI
BOSWORTH DEANGELO, LLC
123 S. BROAD ST.
SUITE 1620
PHILADELPHIA PA 19109
(267)928-4183
tom@bosworthfirm.com
ammar@bosworthfirm.com

TERRANCE R DEANGELO
TR DEANGELO LAW, LLC
104 ALACKNESS ROAD
SPRING CITY PA 19475
(610)804-0289
terry@trdeangelolaw.com

BENJAMIN J PHELPS
MARSHALL DENNEHEY, P.C.
2000 MARKET STREET, SUITE 2300
PHILADELPHIA PA 19103
(215)575-2729
bjphelps@mdwcg.com

BRITTANY C. ARMOUR
COURTNEY D. TAYLOR
1735 MARKET STREET
FLOOR 23
PHILADELPHIA PA 19103
(267)938-7123
brittany.armour@hoganlovells.com
courtney.taylor@hoganlovells.com

BLAKE JENKINS
609 MAIN ST STE 4200
HOUSTON TX 77002
(713)632-1448
Blake.jenkins@hoganlovells.com

JEFFREY S. POLLACK
SHARON L. CAFFREY
COLEEN W. HILL
ELIZABETH ANNE SHEPPARD
KATHERINE KOVALSKY
LEIGH M. SKIPPER
ANNAMARIE D. HUFFORD-BUCKLIN
ALESSANDRA MUNGIOLI,
DUANE MORRIS LLP
30 SOUTH 17TH STREET
PHILADELPHIA PA 19103
(215)979-1000
jspollack@duanemorris.com
SLCaffrey@duanemorris.com
CWHill@duanemorris.com
BSHEPPARD@DUANEMORRIS.COM
KKOVALSKY@DUANEMORRIS.COM
lmskipper@duanemorris.com
aHufford-Bucklin@duanemorris.com
amungioli@duanemorris.com

SARA SMITH
HANGLEY ARONCHICK SEGAL PUDLIN
ONE LOGAN SQUARE
27TH FLOOR

PHILADELPHIA PA 19103
(610)675-5924
ssmith@hangley.com

ZACHARY L. GROSS
6 PPG PLACE
THIRD FLOOR
PITTSBURGH PA 15222
(412)235-1468
zgross@porterwright.com

CHRISTOPHER H. CASEY
1500 MARKET STREET
SUITE 3500E
PHILADELPHIA PA 19102
(215)575-7131
ccasey@dilworthlaw.com

Dated: May 18, 2026

*/s/ John W. Scott*
JOHN W. SCOTT
Assistant United States Attorney