**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ELYSE FRANCO,** | **CIVIL ACTION** |
| **Plaintiff,** | |
| **v.** | |
| **B. BRAUN MEDICAL INC. et al.,** | **NO.  26-cv-3408-WB** |
| **Defendant.** | |

**MEMORANDUM OPINION**

Plaintiff Elyse Franco brought a negligence claim against B. Braun Medical Inc. ("Braun") in the Philadelphia Court of Common Pleas, based on alleged emissions of ethylene oxide from its plant in Allentown, Pennsylvania.  Plaintiff served the non-party United States Environmental Protection Agency ("EPA" or "the Agency") a subpoena *duces tecum* seeking production of documents relevant to her case.  The Agency now moves to quash that subpoena.

**I.      FACTUAL BACKGROUND**

The subpoena sought myriad records related to Braun's alleged use of ethylene oxide at its Allentown campus.  The Agency produced thousands of records to Plaintiff, but "temporarily withheld 27 other documents . . . pending determination by the EPA as to whether these documents contain confidential business information or are otherwise unresponsive."  Plaintiff filed in the Philadelphia Court of Common Pleas a Motion to Compel production of those twenty-seven documents.  Pursuant to 28 U.S.C. § 1442, the Agency removed the case, to federal court and filed its pending Motion to Quash.  It also sought a remand to the Common Pleas Court.

**II.     ANALYSIS**

When a federal agency removes a state court action pursuant to 28 U.S.C. § 1442, a

1

federal court's jurisdiction is "derivative" of the state court's own.  *See Gillette v. Warden Golden Grove Adult Corr. Facility*, 109 F.4th 145, 150, 154-55 (3d Cir. 2024); *Lambert Run Coal Co. v. Baltimore & O.R. Co.*, 258 U.S. 377, 382 (1922) ("If the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none, although it might in a like suit originally brought there [that would] have had jurisdiction."); *see also Minnesota v. United States*, 305 U.S. 382, 389 (1939).  In other words, a federal court's jurisdiction mirrors that of the original state court.  *Id.*

A subpoena served on a federal agency is, by default, shielded by sovereign immunity.  *United States ex rel. Touhy*, 340 U.S. 462, 468-69 (1951); *FDIC v. Meyer*, 510 U.S. 471, 475 (1994).  Absent an express waiver of sovereign immunity, a court may not enforce a state-court subpoena against a non-party federal agency.  *See Davis Enters.*, 877 F.2d at 1187–88.  Therefore, when a discovery dispute originates in state court, "without a separate action, the federal courts ha[ve] no involvement in or jurisdiction over the state court discovery dispute." *Johnson v. Folino*, 528 F. Supp. 2d 548, 559 (E.D. Pa. 2007) (citing *Davis Enters.*, 877 F.2d 1181).

In this case, which arose in the Philadelphia Court of Common Pleas, this Court only possesses the power inherent to the state court.  *See Lambert Run Coal Co.*, 258 U.S. at 382. Here, the EPA is a federal agency protected by sovereign immunity.  *See FDIC.*, 510 U.S. at 475. It is not a party to the underlying negligence claim against Braun, and Franco seeks to compel the Agency's compliance with a state court subpoena issued by the Philadelphia Court of Common Pleas.  Because sovereign immunity shields non-party federal agencies from such compulsory processes, the Philadelphia Court of Common Pleas, by default, lacks jurisdiction to enforce its subpoena against the EPA.  *See United States Fidelity & Guaranty Co.*, 309 U.S. at

513; *In re Univ. Med. Ctr.*, 973 F.2d at 1085.  This Court is similarly unable to compel production.  *See id.*

Nonetheless, Plaintiff maintains that the EPA implicitly "waived any argument that sovereign immunity protects it from enforcement of that subpoena" by "willingly and voluntarily respond[ing] to Plaintiff's state court subpoena by producing thousands of documents responsive to that subpoena."  The question therefore shifts to whether the Agency has legitimately waived its immunity by responding.

The authority to waive the federal government's immunity belongs exclusively to Congress and must be expressed unequivocally via statute.  *See Dep't of Agric. Rural Dev. Rural Hous. Serv. v. Kirtz*, 601 U.S. 42, 48 (2024) ("The power to waive the federal government's immunity is Congress's prerogative."); *F.A.A. v. Cooper*, 566 U.S. 284, 291 (2012) (holding that Congressional intent to waive immunity is only valid when a statute "unmistakably" allows it).  When a non-party agency is subpoenaed, and refuses to comply with that subpoena, judicial review is available through a self-standing claim under the Administrative Procedure Act. ("APA").  *See Davis Enters.*, 877 F.2d at 1187-88.  When a discovery request originates in state court and no collateral APA action has been filed, no valid waiver of sovereign immunity exists. *See Davis Enters.*, 877 F.2d at 1187-88.

Here, the Agency's cooperation does not waive its sovereign immunity; the EPA's sovereign immunity can be waived only when a federal statute expressly authorizes suit against it. *See Kirtz*, 601 U.S. at 48; *FAA v. Cooper*, 566 U.S. at 291.  Plaintiff identifies no such statute with respect to her Motion to Compel, nor has Plaintiff invoked the APA's waiver mechanism through a separate action.  Further, the Agency's decision to provide responsive documents to Plaintiff does not, indeed cannot, implicitly waive its sovereign immunity, because only

3

Congress may do so.  *See Kirtz*, 601 U.S. at 48; *FAA v. Cooper*, 566 U.S. at 291.  As a result, the EPA remains protected by its sovereign immunity.

Without a valid waiver, the Philadelphia Court of Common Pleas would lack jurisdiction to compel the EPA to produce additional records in response to its state-court subpoena. *See United States Fidelity & Guaranty Co.*, 309 U.S. at 513; *In re Univ. Med. Ctr.,* 973 F.2d at 1085. Therefore, this Court cannot do so either.  *See Lambert Run Coal Co.*, 258 U.S. at 382.

With that question resolved, all remaining issues and claims arise under state law. Therefore, remand to the Court of Common Pleas is required.  *Railway Labor Execs. Ass'n. v. Pittsburgh & Lake Erie R. Co.*, 858 F.2d 936, 943 (3d Cir. 1988) ("Where, as here, it is clear that no removal jurisdiction exists because there is neither diversity nor a federal question presented by the plaintiff's complaint, a district court should remand the case to the state court . . .").
Accordingly, the Agency's Motion shall be granted.

An appropriate order follows.


**BY THE COURT:**

**S/ WENDY BEETLESTONE**

_____

**WENDY BEETLESTONE, C.J.**